D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HASSAN FORD,

                           Plaintiff,

-against-

XTRA LEASE LLC, et al.,

                           Defendants.
-------------------------------------------------------------------X

**ORDER**

18-CV-2202 (NGG) (RLM)

NICHOLAS G. GARAUFIS, United States District Judge.

On April 13, 2018, Defendant XTRA Lease LLC ("XTRA") removed this personal-injury action from New York Supreme Court, Kings County, on the grounds that diversity of citizenship existed among all parties. See 28 U.S.C. §§ 1332(a)(1), 1441(a). (Notice of Removal (Dkt. 1).) XTRA answered the complaint on April 24, 2018. (Answer (Dkt. 5).) On May 1, 2018, Magistrate Judge Roanne L. Mann directed XTRA to show cause "why the case should not be remanded to state court" given that "[n]othing in the Notice of Removal . . . or the pleadings furnishes any support for defendant's conclusory assertion that the amount in controversy satisfies the $75,000 threshold for diversity jurisdiction." (Order to Show Cause (the "OTSC") (Dkt. 7).) In response, XTRA asserted that Plaintiff had set forth a claim with a sufficient amount in controversy, and accordingly requested that the court "deem [that] the removal of this matter to federal court was proper within the meaning of 28 U.S.C. § 1332." (Resp. to OTSC (Dkt. 8).)

On May 11, 2018, Judge Mann issued a sua sponte report and recommendation ("R&R") that the undersigned remand this action to state court for lack of subject-matter jurisdiction. (R&R (Dkt. 10) at 4.) Judge Mann found that XTRA had not proven, either in its notice of

1

removal or response to the OTSC, "by a preponderance of the evidence, that the jurisdictional threshold has been met." (Id. at 2-3.) She also rejected XTRA's assertion that subject-matter jurisdiction was proper because Plaintiff had not yet objected to removal, as "parties may not waive a lack of subject matter jurisdiction."[1] (Id. at 3.)

No party has objected to the R&R and the time in which to do so has elapsed. See Fed. R. Civ. P. 72(b)(2). The court therefore reviews the R&R for clear error. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment; see Colvin v. Berryhill, — F. App'x —, 2018 WL 2277791, at *1 (2d Cir. May 18, 2018) (summary order); Wider v. Colvin, 245 F. Supp. 3d 381, 385 (E.D.N.Y. 2017).

Finding no clear error, the court ADOPTS the R&R in full.[2] This action is remanded to the New York Supreme Court, Kings County (Index No. 503157/2018), for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
May 29, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] In any event, after Judge Mann issued the R&R, Plaintiff moved the court to remand this action to state court. (Mot. to Remand (Dkt. 11); see Pl. May 24, 2018, Letter Requesting Remand (Dkt. 13).)

[2] The court received two motions after Judge Mann issued the R&R. Plaintiff's motion to remand is declared moot by operation of this order remanding the case. The court declines to rule on the stipulation of dismissal with prejudice between Plaintiff and XTRA (Stipulation of Dismissal (Dkt. 12)). This stipulation is not self-executing because it was filed after XTRA served its answer and is not signed by all parties who have entered an appearance. See Fed. R. Civ. P. 41(a)(1)(A). Thus, the "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In remanding this matter to state court, the court acknowledges that it does not have subject-matter jurisdiction over the case. Because the court is on notice as to its lack of jurisdiction, it has no power to issue an order that would foreclose Plaintiff and XTRA from reasserting any of their claims or cross-claims from this action in future litigation. See Steiner v. Atochem, S.A., 70 F. App'x 599, 599-600 (2d Cir. 2003) (summary order) (citing Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986)) (finding that a stipulation of dismissal is not void if the district court has a "reasonable basis" for assuming jurisdiction); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("[S]ubject-matter jurisdiction necessarily precedes a ruling on the merits."); Carter v. Incorporated Village of Ocean Beach, 759 F.3d 159, 165 (2d Cir. 2014) (stating that a voluntary dismissal of an action with prejudice is an adjudication on the merits). If Plaintiff and XTRA wish to stipulate to the dismissal of this case with prejudice, they may do so in state court.